Amy P. Lally, SBN 198555
alally@sidley.com
Jennifer A. Ratner, SBN 205155
jratner@sidley.com
Leah E. Abeles, SBN 275347
labeles@sidley.com
Laura L. Richardson, SBN 288954
laura.richardson@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for Defendant
SAKS FIFTH AVENUE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOVA MALIK, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAKS FIFTH AVENUE LLC, a Massachusetts Limited Liability Company, and DOES 1-50; inclusive,<br><br>Defendants. | Case No. 2:14-cv-07600-SVW-VBK<br><br>Assigned to: Hon. Stephen V. Wilson<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**<br><br>Before Magistrate Judge Victor B. Kenton |

**STIPULATION**

WHEREAS, Saks Fifth Avenue LLC ("Defendant") and Tova Malik ("Plaintiff") are parties ("Parties") in the above-captioned case which has been assigned to the Honorable Stephen V. Wilson (the "Litigation"); and

WHEREAS, the Parties desire to enter into a joint protective order,

The Parties hereby STIPULATE as follows:

1. Any Party exchanging information in the Litigation, whether in the course of discovery or otherwise, who deems the information to be confidential, protected by the right of privacy, confidential, proprietary, or trade secret information (hereinafter referred to "Protected Information") may designate, disclose and protect such Protected Information pursuant to this Joint Protective Order ("Order").

2. Any person or entity that chooses to designate documents and information as Protected Information ("Designating Party") shall designate each such item as "Confidential Information." The designation "Confidential Information" shall be used to designate only those specific documents and information the Designating Party maintains are confidential, proprietary or that constitute or reveal a trade secret, and that the Designating Party's counsel believes in good faith are protected by the law from disclosure.

3. Any documents produced pursuant to this Order shall be stamped on the first page of the document and on every page of the document that is subject to this Order with the legend "CONFIDENTIAL INFORMATION FOR USE ONLY IN MALIK V. SAKS FIFTH AVENUE LLC, ET AL." or substantially similar language that at a minimum incorporates the word "confidential," and with consecutive bates numbers, so as to identify all documents that pertain to this Order.

4. In response to written discovery requests, the Designating Party may disclose and produce Protected Information as follows:

     a.    Interrogatories: Clearly designating Protected Information contained within the Interrogatory response in the language and manner provided in Paragraph 3 above.

     b.    Requests for Production of Documents: Producing documents that contain Protected Information in the manner provided in Paragraph 3 above.

     c.    Requests for Admissions: Clearly designating Protected Information contained within the Request for Admission response in the language and manner provided in Paragraph 3 above.

5.    The disclosure of Protected Information to any Party to this Litigation or otherwise shall be made only as provided for herein.  Except as provided herein or in a subsequent court order, the Protected Information produced pursuant to this Order shall be used only by the persons authorized under this Order and solely for the purpose of preparing for and conducting the Litigation, or any related alternative dispute resolution proceeding, and is not to be shown to, discussed with, or otherwise disclosed to any other persons or entities, including parties to actions other than the Litigation, whether or not such other actions are related to or coordinated with the Litigation.

6.    Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL INFORMATION FOR USE ONLY IN MALIK V. SAKS FIFTH AVENUE LLC, ET AL." or substantially similar language that at a minimum incorporates the word "confidential," shall not be disclosed to any person or entity other than the following:

     a.    a Party to the Litigation, including without limitation in-house counsel for a Party, whose counsel of record in this action has executed this Order;

  b. outside counsel for the respective Parties whose firm is counsel of record in this Litigation or are otherwise assisting in the prosecution or defense thereof;

  c. consultants, consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in this Litigation, but only if (1) it is reasonable to disclose the document or information to them for purposes of this Litigation; (2) they are not Parties; (3) they are not officers, directors or employees of Parties, of affiliates of Parties or of competitors of Parties; and (4) they have signed a declaration in the form of Exhibit 1;

  d. secretaries, paralegals and other clerical or support personnel employed by or retained by counsel for a Party, but only if (1) it is reasonable to disclose the document or information to them for purposes of this Litigation; (2) they are not Parties; and (3) they are not officers, directors or employees of Parties, of affiliates of Parties or of competitors of Parties;

  e. the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

  f. a court reporter or videographer retained by one or more of the Parties for purposes of this Litigation; and

  g. the author, addressee or any other person or entity identified as a recipient of specified Confidential Information who would otherwise be entitled to receive it.

7. No Party shall disclose or disseminate any Protected Information produced by another Party pursuant to this Order to its experts or consultants until the experts or consultants have executed a declaration in the form attached as Exhibit 1. If any such expert or consultant is later designated pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, that expert's declaration shall be placed in the

expert's file, and provided upon request by the Party whose Protected Information was reviewed by the expert. Original declarations signed by experts not designated pursuant to Rule 26(a) of the Federal Rules of Civil Procedure shall be maintained by the Party that retained the expert and shall be submitted to the Court for in camera review on request by the Court or by court order after the motion of any Party for such a review, based on a showing of good cause, for an alleged breach of the Order.

8. If a Party wishes to divulge Protected Information during a deposition at which one or more persons are present to whom disclosure is not permitted under Paragraph 6, then the following procedures shall be followed:

a. If a Party anticipates that Protected Information will be divulged in deposition, it shall provide notice to the Designating Party prior to questioning at the deposition. The Party may not divulge Protected Information during the deposition in the absence of an agreement with the Designating Party or a court order permitting the disclosure, unless the deponent is shown on the document as an author or recipient or a person who otherwise has been privy to the Protected Information or where the deponent has been produced as a corporate representative and/or person most knowledgeable by the Designating Party.

b. Any questioning of the deponent that relates to any Protected Information shall be conducted with only the following persons entitled to be present: (1) the deponent, who is permitted access to the information under this Order and, if applicable, who has executed a declaration in the form of Exhibit 1; (2) counsel representing the deponent and who has executed a declaration in the form of Exhibit 1 or from whose firm an attorney has executed this Order; (3) any designated representative of the Designating Party producing the Protected Information; (4) counsel for the Party that noticed the deposition; (5) the court reporter and videographer, who have executed a declaration in the form of Exhibit 1; (6) any other person authorized to be present by prior order

of the Court; (7) any other person authorized to be present by counsel to the Designating Party; and (8) any counsel (or their staff) for other Parties, assuming they, or an attorney from their firm, have executed this Order.

    c.    Any portion of the deposition designated as Protected Information shall be separately transcribed and shall be sealed and marked "CONFIDENTIAL" by the court reporter in accordance with the designation made by the Designating Party, and shall not be made part of the public transcript. The sealed portions of the transcript may be provided only to the persons identified in Paragraph 6.

    d.    If documents containing Protected Information are used in a deposition, they shall be marked pursuant to Paragraph 3 and shall be attached only to portions of the transcript bearing the same "CONFIDENTIAL" designation.

    e.    Depositions, or portions of depositions, shall be deemed conditionally confidential if so designated at the time of the deposition until thirty (30) court days following receipt of the certified deposition transcript.

    f.    Within thirty (30) court days of receipt of the certified deposition transcript, any Party may mark as "CONFIDENTIAL" any portion of the deposition transcript that Party believes contains such information. The Party seeking to mark a deposition transcript, or portions of a deposition transcript, as "CONFIDENTIAL" after the certified transcript has been prepared shall promptly notify all Parties of its intent to do so, shall identify with specificity the portion or portions to be designated, shall instruct the court reporter to conform the deposition transcript to Paragraph 3, and shall bear all reasonable charges billed by the court reporter in connection therewith.

  g. After thirty (30) court days of receipt of the certified deposition transcript, the transcript shall be deemed non-confidential unless designated as "CONFIDENTIAL" by a Party.

  h. A Designating Party may de-designate or re-designate any portion of the deposition transcript that the Party previously designated as Protected Information by promptly notifying in writing all other Parties and all persons who were present at the deposition of its intent to do so.  The notice shall identify with specificity the portion or portions of the transcript that no longer shall be designated "CONFIDENTIAL" or vice-versa.  The Party seeking to re-designate a deposition transcript, or portions of a deposition transcript, after the certified transcript has been prepared shall promptly notify all Parties of its intent to do so, shall identify with specificity the portion or portions to be re-designated, shall instruct the court reporter to conform the deposition transcript to Paragraph 3, and shall bear all reasonable charges billed by the court reporter in connection therewith.

  9. Any motions or pleadings or any other court filings that may reveal Protected Information subject to this Order shall be submitted in accordance with Local Rule 79-5 and shall be labeled as follows: "This Document Is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order."  Nothing in this Order shall require a Party to move for an order to seal Protected Information provided that the Party has given timely written notice to the Designating Party at least five (5) court days before the filing to afford the Designating Party the opportunity to make the showing required by Local Rule 79-5.1.

  10. Intentional disclosure of Protected Information in violation of this Order may subject the violating Party and/or its attorney to sanctions for contempt of court,

as well as any other statutory or common law remedies that may be available to the Designating Party.

11.     Nothing in this Order shall (a) limit a person or entity's right to seek or object to discovery of and/or the disclosure of information or documents on any basis, including but not limited to being Protected Information; (b) alter the burdens for objecting to or obtaining discovery of Protected Information; or (c) affect the admissibility or inadmissibility of any Protected Information that is not publicly available.

12.     Nothing in this Order shall prevent a Designating Party from disclosing its own Protected Information to any person or using that information for purposes of this Litigation or otherwise.  Whether such disclosure waives the protection of this Order or results in the disclosed material becoming discoverable by other Parties, shall be determined by the Court upon motion by any Party.

13.     If a Party inadvertently produces Protected Information without designating it as such in accordance with Paragraph 3, that Party shall notify all Parties to whom it provided the Protected Information of the proper designation of the Protected Information as soon as practical after discovery of the error by the Designating Party.  The Designating Party shall provide all Parties to whom it provided the undesignated Protected Information with a replacement copy of the Protected Information marked in accordance with this Order.  Upon receipt of the designated copy: (a) the document or information shall be treated by the Parties who received the document or information as if it had been timely designated as Protected Information under this Order; (b) the erroneously designated Protected Information shall be returned to the Designating Party or destroyed; and (c) the Parties who received the Protected Information shall use reasonable efforts to identify any other persons or entities to whom the information in question was given.  It shall then be the burden of all Parties to collect in good faith and return to the Designating Party or

destroy all such Protected Information that they have provided to persons and entities who would not have been entitled access thereto if the document or information had been so designated at the outset. The inadvertent disclosure or inadvertent mis-marking by a Designating Party of documents or information that the Party believes to be confidential shall not automatically be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter. However, any Party may seek a court order establishing that the intentional disclosure of Protected Information by the Designating Party to anyone other than the Designating Party and its counsel, without being designated "CONFIDENTIAL," constitutes a waiver of any claimed protection.

14. Nothing in this Order shall be deemed to preclude a Party that has designated a document or information as Protected Information from removing that designation at any time. The Designating Party shall notify all parties in writing of its intent to de-designate, upon which the document or information shall no longer be treated as Protected Information under this Order.

15. If a dispute arises regarding the designation of documents or information as Protected Information, the following procedures shall be followed:

> a. In the event that a Party's counsel believes, in good faith, that a document or information produced or disclosed that has been designated as Protected Information under the Order is not Confidential Information, such counsel shall send counsel for the Designating Party a written request specifically identifying the information or document (by bates-number) sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Order. As soon as practicable and in any case within ten (10) court days after receipt of such a written request, counsel for the Designating Party shall meet and confer.

  b. If the challenging Party and Designating Party are unable to agree within the ten (10)-day period under Paragraph 15.a upon a satisfactory resolution, the challenging Party shall send written notice to the Designating Party identifying the information or documents still in dispute.  The Designating Party may file a motion seeking a protective order concerning such information or documents that has previously been produced or disclosed under the Order within ten (10) court days after receiving such notice (or any additional period agreed to, in writing, by the requesting Party).  If the Designating Party fails to file a motion seeking a protective order within such time period, the Designating Party shall be deemed to have consented to the change in designation sought by the challenging Party.

  c. If the Designating Party seeks a protective order pursuant to Paragraph 15.b, no Party may disclose Protected Information in a manner contrary to its designation until the Court has issued an order or ruling allowing such disclosure, unless the Designating Party consents to disclosure prior to that time, or as otherwise ordered by the Court.

16. This Order in no way alters the law regarding the type of information that may be deemed Protected Information nor the burdens for demonstrating confidentiality or the right to discovery of Protected Information.  Nothing in this Order shall be deemed to preclude the Parties from requesting the Court, by noticed motion, to modify the terms of the Order regarding the treatment of Protected Information.  This provision shall not be construed as an agreement by any Party to such a modification, and, in the event that such modification is sought, the Parties reserve the right to raise any and all arguments and to invoke any and all laws in opposition to such modification.  Any modification sought shall not apply unless and until ordered by the Court.

17. Any Party who receives a subpoena or other process from a non-Party, or an order to produce or disclose Protected Information, shall provide the Designating Party with written notice thereof (which notice shall include a copy of the subpoena or other process or order or other information necessary to reasonably inform the Designating Party of the nature and scope of the subpoena, process or order) within five (5) court days after receipt of said subpoena, process or order to enable that Party to take whatever action it deems appropriate. The Designating Party may then seek a court order that prohibits and/or limits the scope of any disclosure, and shall provide notice of such application to the Party receiving the subpoena or other process or order. After having provided written notice to the Designating Party as provided for herein, the Party receiving the subpoena, process, or order may comply with the subpoena, process, or order on the last day specified for compliance therewith, unless the Designating Party has sought an order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of court prohibiting and/or limiting the scope of any disclosure. Any disputes arising under this Paragraph shall be governed by the procedures specified in Paragraph 15 of this Protective Order.

18. Within ninety (90) days after any written request, made after the termination of this Litigation, including appeals, any Party to whom the Protected Information was produced shall either: (a) return all such Protected Information and all copies, portions, excerpts and extracts (excluding excerpts or extracts incorporated into any privileged memoranda or attorney work product) to the Designating Party; or (b) provide the Designating Party with a written certification that all Protected Information provided to it, as well as all Protected Information it provided to others, has, to the best of their knowledge, been destroyed.

19. This Stipulation may be executed in counterparts, which taken together shall be deemed to constitute one and the same document.

20. The Court shall retain jurisdiction following termination of this Litigation for the purpose of enforcing any provisions of this Order.

21. This Order may be amended or superseded by written agreement of the Parties and order of the Court, or by order of the Court.

**SO STIPULATED.**

Dated:  January _, 2015                           SIDLEY AUSTIN LLP


                                                  By: _____
                                                      Amy P. Lally
                                                      Attorneys for Saks Fifth Avenue LLC


Dated:  January__, 2015                           KIRTLAND & PACKARD LLP


                                                  By: _____
                                                      Behram V. Parekh
                                                      Attorneys for Tova Malik

## ORDER

Good cause appearing, the terms of this Protective Order are hereby adopted by the Court.  IT IS SO ORDERED.


Dated:  January 28, 2015                          By:  _____/s/_____
                                                       Victor B. Kenton
                                                       United States Magistrate Judge

# EXHIBIT 1
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order, attached hereto as Exhibit A, entered by the United States District Court for the Central District of California in the action entitled *Malik v. Saks Fifth Avenue LLC, et al.*, Case No. 2:14-cv-07600-SVW-VBK.  On behalf of myself, and those in my organization, _____, I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:          _____, 2015


City and State where sworn and signed:         _____


Signed:    _____         _____
           [Print Name]              [Signature]